# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THOMAS LEE PEASTER,

      Plaintiff,

v.                                                                      No. 1:26-cv-02030-SCY[1]

CLEAN HARBORS ENVIRONMENTAL
SERVICES, INC.,

      Defendant.

## ORDER TO SHOW CAUSE

*Pro se* Plaintiff filed his Complaint in this matter on June 24, 2026, against his former

employer Defendant Clean Harbors Environmental Services, Inc. Doc. 1 at 2 ("Civil Rights

Complaint Pursuant to 42 U.S.C. § 1983"). Plaintiff alleges that Defendant wrongfully

terminated him in December 2023 due to documented work restrictions, including a prohibition

on extensive manual labor and a fifty pound lifting limit. *Id.* at 3. Plaintiff alleges that he is a

citizen of New Mexico and Defendant is a citizen of Massachusetts. *Id.* at 1. To establish proper

venue in this Court, however, Plaintiff must allege that a substantial part of the events or

omissions giving rise to his claims occurred in New Mexico. *Strobel v. Rusch*, 364 F.Supp.3d

1270, 1285 (D.N.M. 2019). Because Plaintiff's Complaint fails to establish proper venue, the

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C.
§ 1915 which allows the Court to authorize commencement of a case without prepayment of the
filing fee. *See* Doc. 3, filed June 25, 2026. Because Plaintiff has paid the filing fee, the
undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its
docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 F. App'x 550,
553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to
achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct.
1885, 1891-92 (2016)).

Court orders Plaintiff to either (1) show cause to explain why the Court should not dismiss or transfer this case or (2) file an amended complaint that cures the Complaint's deficiency regarding venue. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

Plaintiff's Complaint does not show that the District of New Mexico is the proper venue for this action. The statute governing venue in general states:

> **Venue in general.**--A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When a case is filed in the wrong district or division, this Court must dismiss it or, if the interests of justice require, transfer it to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). Specifically,

> Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir. 2000) (citing *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997)), whether the claims alleged are likely to have merit, *e.g. Haugh,* 210 F.3d at 1150 (citing *Phillips,* 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler,* 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

*Young v. State Government of Oklahoma*, 98 F. App'x 760, 763-764 (10th Cir. 2004). If

Defendant is a citizen of Massachusetts, as alleged, Plaintiff must demonstrate that New Mexico

is where a "substantial part of the events or omissions giving rise to the claim occurred" as

required by § 1391(b)(2). *See also* § 1391(b)(3) (providing an exception if there is no district

where the action could be brought).

The Court therefore orders Plaintiff to either (1) show cause why the Court should not

dismiss this case or transfer the case to the District of Massachusetts; or (2) amend his complaint

so that it demonstrates New Mexico is the proper venue for his claims. The amended complaint

must also comply with the Federal and Local Rules of Civil Procedure. *See Nasious v. Two*

*Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir.

2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to

him or her; when the defendant did it; how the defendant's action harmed him or her; and, what

specific legal right the plaintiff believes the defendant violated.").

## Case Management

> Generally, *pro se* litigants are held to the same standards of professional
> responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become
> familiar with and to comply with the *Federal Rules of Civil Procedure* and the
> *Local Rules of the United States District Court for the District of New Mexico* (the
> "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October

2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil

Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Plaintiff has an obligation to prosecute this case. *See* Fed. R. Civ. P. 41(b) ("If the

plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move

to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although

the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

Plaintiff also has an obligation to serve Defendant with a summons and a copy of the amended complaint. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service").

### Compliance with Rule 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case or transfer this case to the District of Massachusetts; or (ii) file an amended complaint. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

**UNITED STATES MAGISTRATE JUDGE**

5